UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NICOLE TAYLOR, | ) Case No.: 3:17-cv-263-HEH |
| Plaintiff, | ) |
| vs. | ) |
| MEDICAL DATA SYSTEMS, INC. | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM
ON ARTICLE III STANDING**

Plaintiff, Nicole Taylor, (hereinafter "Plaintiff" or "Ms. Taylor"), as ordered by this Court on June 26, 2017 (ECF No. 6) respectfully submits the following Memorandum on Plaintiff's Article III Standing in the above entitled action.

**I.    INTRODUCTION**

Ms. Taylor has filed a Complaint alleging that Defendant violated 15 U.S.C. §1692 et seq ("the "FDCPA"). By way of brief background, Defendant reported an Alleged Debt on Plaintiff's credit report. Plaintiff disputed the debt directly with Defendant. After receiving this dispute letter, Defendant re-reported the Alleged Debt to the credit bureau(s) and did not mark the account as "disputed by consumer" as so required by 15 U.S.C. §1692e(8). Such debt collection practices also violate 15 U.S.C. §1692e and e(10) because they are false, deceptive and misleading to the consumer. As a result of Defendant's failure to mark Ms. Taylor's account as

1

disputed, Ms. Taylor incurred statutory and actual damages to her credit score thereby establishing an injury-in fact.

This Court raises the issue of whether Ms, Taylor has sufficiently pleaded an injury in fact to confer standing in this case under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Specifically, the Court infers that Ms. Taylor failed to demonstrate a concrete injury. *Id.* In light of the Congressional intent behind the FDCPA and post-*Spokeo* case law specifically addressing the injury-in-fact caused by a violation of §1692e(8), Ms. Taylor has averred sufficient facts to prove particularized and concrete injuries to satisfy Article III standing and her Complaint should not be dismissed.

## II. LEGAL STANDARD

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies." U.S. Const. art. III, § 2. Standing implicates the court's subject matter jurisdiction and is governed by Rule 12(b)(1). *Crumbling v. Miyabi Murrells Inlet, LLC*, 192 F. Supp. 3d 640, 2016 WL 3351351, at *1 (D.S.C. 2016). "To possess the constitutional component of standing, a party must meet three requirements: (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury

will be redressed by a favorable decision." *McBurney v. Cuccinelli*, 616 F.3d 393, 410 4th Cir. 2010) (citing e.g. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC, Inc.* 528 U.S. 167, 180-181, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). Plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Ms. Taylor's Complaint offers facts that meet the three requirements of standing. She has incurred injury-in-fact which is both concrete and particularized. Specifically, she has received a lower credit score impact due to Defendant's failure to properly update her report. A lower credit score not only impacts Ms. Taylor's ability to get future credit, but also gives a false and negative picture of her credit to anyone that would pull her credit during this time period. Current issuers of credit to Ms. Taylor, constantly peek at her credit to determine if they should continue to extend the credit lines that she currently has. Beyond that, the lower credit score impacts Ms. Taylor in multiple facets including denial of credit and increased cost of insurance policies and applicable interest rates on credit cards and loans she might own. Second, her injury is actual. She has incurred a negative impact to her credit score. Finally, it is highly likely that, in finding Defendant violated the FDCPA, Defendant will be required to not only pay statutory damages to Ms. Taylor but to ensure that her credit report is properly marked as disputed which will, in turn, have a positive impact on her credit score.

### III. THE SUPREME COURT RULING IN SPOKEO V. ROBINS DID NOT ALTER PRIOR STANDING JURISPRUDENCE AS TO DEPRIVE PLAINTIFF OF STANDING TO BRING THIS ACTION

In *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), the Supreme Court, on appeal from a Ninth Circuit decision, considered whether the Plaintiff had sufficient injury in fact to support standing under Article III to sue Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. In failing to do a concreteness inquiry, the Ninth Circuit's analysis did not comport with Supreme Court precedent which has "made it clear time and again that that an injury in fact must be both concrete *and* particularized." *Id.*

The Court defined a "concrete" injury as one that must actually exist, but is not necessarily synonymous with tangible because intangible injuries can also be concrete. *Id.* at 644-645. The Court went on to explain as follows:

> [I]t is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts. In addition, because Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important. Thus, we said in *Lujan* that Congress may "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."

*Id.* at 645 (citations omitted). Further, the Court found that the mere existence of the risk of real harm can satisfy the concreteness requirement. "[J]ust as the common law permitted suit in such instances, the violation of a procedural right

4

granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id.* at 646. In such instance, the Court held that a plaintiff need not allege any additional harm beyond the one identified by Congress relying upon its prior decisions in *Federal Election Comm'n v. Akins*, 524 U.S. 11 (1998), and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989) (holding that the inability to obtain information subject to disclosure pursuant to statute is a sufficient injury for Article III standing purposes). *Id.*

### IV. CONGRESS RECOGNIZED A HARM AND ENACTED THE FDCPA TO PROTECT CONSUMERS AND GAVE CONSUMERS THE ABILITY TO ENFORCE THE ACT THROUGH CLAIMS FOR STATUTORY DAMAGES.

In 1977, Congress enacted the FDCPA for the purpose of "protect[ing] consumers from a host of unfair, harassing, and deceptive debt collection practices." S. Rep. No. 95-382 at 1-2 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695. Congress found that abuse by debt collectors to be a "widespread and serious national problem." *Id.* at 2. Congress also intended the legislation to be "primarily self-enforcing" such that "consumers who have been subjected to collection abuses will be enforcing compliance." S. Rep. No. 95-382 at 5 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695. Courts across the nation have repeatedly held that the FDCPA does not require proof of actual damages for a consumer to recover statutory damages. *See Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998). This is because often times the injury suffered by Plaintiff "is not any

5

actual economic loss, but rather being subjected to the allegedly unfair and abusive practices of the Collection Defendants." *Brown v. Transurban USA Inc.*, 2015 U.S. Dist. LEXIS 148489 at *34 (E.D. Va. Nov. 2, 2015). Congress made a considered judgment that the protections set forth in the FDCPA were needed to protect consumers from the abusive practices of debt collectors and the harm those practices pose. Thus, the FDCPA was the articulated kind of statutory right created by Congress which can elevate to a concrete and cognizable injury which may have been previously inadequate at law. Accordingly, the FDCPA violation alone is sufficient to constitute injury in fact without the need for additional harm beyond that identified by Congress.

    **V.    POST-SPOKEO PRECEDENT SUPPORTS THE FINDING OF STANDING IN THE PRESENT MATTER.**

Ms. Taylor respectfully requests that the Court adopt the position of the Court in *Duchene v. Aargon Collection Agency, Inc.*, Case No. 8:17-cv-236-JSM-AAS (MDFl. June 2, 2017). Here, the plaintiff's complaint was identical to Ms. Taylor's complaint, alleging a violation of 15 U.S.C. §1692e(8). The Middle District of Florida found that the Plaintiff, on the exact same pleaded facts, did, in fact, have Article III standing to infer jurisdiction on the court. (See decision at Exhibit A attached hereto).

The Complaint in *Duchene* recites the same fact pattern as that of Ms. Taylor. After alleging that the Defendant failed to update the status of her credit

report to "disputed by consumer", Duchene simply pled that she had incurred actual and statutory damages due to the defendant's failure to update the report with the credit bureaus. In response, the defendant filed a motion to dismiss (Dkt. 13) alleging that Duchene lacked Article III standing to infer jurisdiction on the court. The Court denied the defendant's motion to dismiss.

In denying the defendant's motion, the *Duchene* court opined "defendant's entire standing argument relies on the misguided belief that Plaintiff must allege specific damages flowing from the FDCPA violation. The United States Supreme Court and the Eleventh Circuit state otherwise." *Duchene* at 2. Citing to the decision in *Church v. Accretive Health, Inc.,* 654 Fed.Appx. 990, 995 (11th Cir. 2016), the court stated "[a] violation of statutory rights is not a "hypothetical or uncertain" injury, but "one that Congress has elevated to the status of a legally cognizable injury." "The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact so that a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *citing Perry v. Cable News Network, Inc.,* 854 F.3d 1336, 1339-40 (11th Cir. 2017) (internal quotations omitted). Applying these principles in *Duchene,* the Court held that Plaintiff had alleged a concrete and particularized injury in fact:

> Plaintiff has statutorily-created rights under the FDCPA to dispute a debt and have that debt properly

7

> reported to credit reporting agencies, so that Plaintiff's credit is not adversely impacted. It is axiomatic that an inaccurate credit rating poses a risk of harm because it may influence other creditors or potential creditors to take an adverse action, such as declining future credit.

Courts have repeatedly recognized that the existence of a dispute by a consumer is always material and therefore needs to be communicated when reporting a debt to a credit bureau with knowledge the debt is disputed. *See e.g.*, *Wilhelm v. Credico Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) ("[I]f a debt collector elects to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt."). As explained in *Gomez v. Portfolio Recovery Assocs. LLC*:

> Whether or not a consumer is disputing a debt is no minor matter that could be deemed an immaterial aspect of the debt. Such a false and misleading statement would likely influence a consumer's decision to pay a debt. The fact that a consumer has disagreed with the reported debt is an extremely pertinent piece of information, particularly when that information is being given to a credit reporting agency such as in this case. Such a false and misleading statement by Portfolio could have had far reaching consequences for Gomez in her daily life.

2016 U.S. Dist. LEXIS 79647 at *10 (N.D. Ill. June 20, 2016). Therefore, the failure to communicate that a disputed debt is disputed as required by 15 U.S.C. § 1692e(8) presents a risk of harm to the consumer sufficient to create Article III standing as occurred here.

8

Ms. Taylor acknowledges this Court's decisions in *Coleman v. Charlottesville Bureau of Credits, Inc.*, 3:17-cv-147-HEH, Doc. 11 (April 17, 2017), *Holmes v. Contract Callers, Inc.,* No. 3:17-cv-148-HEH (E.D.Va. June 22, 2017) and *Gathers v. CAB Collection Agency, Inc.,* 3:17-cv-261-HEH (E.D.Va. June 22, 2017) (ECF Nos. 10, 11) and the decision in *Higgins v. Trident Asset Mgmt.,* Civil Action No. 16-24035, 2017 WL 1230537 (S.D.Fla. May 28, 2017) in which the plaintiffs, similarly, alleged that the defendant violated 15 U.S.C. §1692e(8). This Court in *Coleman, Holmes* and *Gathers* and the *Higgens* court held that the plaintiffs lacked Article III standing and dismissed the actions. In dismissing the Complaints, both courts found the plaintiff "failed to allege any facts to support an assertion that she suffered a "concrete and particularized" harm that is "actual and imminent, not conjectural or hypothetical" to confer Article III standing." *Id.* at 6. *Citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) *See also Higgens*, 2017 WL 1230537 at *2.

For the within reasons, Ms. Taylor respectfully disagrees with the courts' decisions in *Coleman, Holmes, Gathers* and *Higgins.* However, if this Court chooses to abide by its recent decisions on this issue, Ms. Taylor respectfully requests that this Court adopt the position of the *Higgens* Court and afford her the opportunity to amend her Complaint in the present matter for purposes of establishing in clearer detail her concrete injuries.

9

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully submits that this court find that Plaintiff has subject matter jurisdiction to pursue this action.

Dated: July 6, 2017

Respectfully submitted,

By: */s/ Aryeh E. Stein*
Aryeh E. Stein Va Bar No. 45895
Meridian Law, LLC
600 Reisterstown Rd, Suite 700
Baltimore, MD 21208
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on July 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record, including:

Camille E. Shora, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
(703) 245-9300
Camille.shora@wilsonelser.com
*Counsel for Defendant*

*/s/ Aryeh E. Stein*
Aryeh E. Stein
Va Bar No. 45895
